830 So.2d 886 (2002)
STATE FARM FIRE AND CASUALTY COMPANY, Petitioner,
v.
Beth Ann SOSNOWSKI, Respondent.
No. 5D02-1852.
District Court of Appeal of Florida, Fifth District.
October 25, 2002.
Rehearing Denied November 21, 2002.
*887 Paul L. Nettleton and Benjamine Reid, of Carlton Fields, P.A., Miami, for Petitioner.
Gregory S. Stark, Winter Park, for Respondent.
COBB, J.
Petitioner, State Farm Fire and Casualty Company, seeks certiorari relief from an order which vacated a prior protective order. Respondent, Beth Ann Sosnowski, filed suit against State Farm, seeking compensatory damages for alleged fraud in the handling of her insurance claim. Sosnowski alleges that after she was in a motor vehicle accident, State Farm fraudulently failed to disclose and pay uninsured motorist benefits that were available under her insurance policy. She was later granted leave to amend her complaint to add a claim of punitive damages.
For discovery purposes, pursuant to the parties' agreement, a protective order was entered by the trial court which allowed the parties to designate documents to be produced as confidential, and thereby limit their availability to the parties and witnesses involved in the litigation. Procedures were set forth whereby a party could challenge the confidential designation placed on a document by the other party. In reliance on the protective order, State Farm produced to Sosnowski the performance, planning and review evaluations of State Farm personnel involved in the handling of her claim, but labeled them as confidential.
Sosnowski subsequently filed a motion to set aside the protective order. Sosnowski argued that the protective order was void under the Sunshine in Litigation Act, specifically section 69.081(3), Florida Statutes (2001), which provides in pertinent part:
No court shall enter an order or judgment which has the purpose or effect of concealing a public hazard or any information concerning a public hazard, nor shall the court enter an order or judgment which has the purpose or effect of concealing any information which may be useful to members of the public in protecting themselves from injury which may result from the public hazard.
Sosnowski asserted that the protective order, which would keep confidential the performance, planning and review procedures of State Farm, would be contrary to public policy, as these procedures are a public hazard likely to cause further concealment of benefits to policy holders. After a hearing, the court granted the motion to set aside the protective order, and State Farm seeks certiorari review of that order.
Financial practices that constitute economic fraud are not a "public hazard" under section 69.081(3), Florida Statutes *888 (2001). As the Fourth District Court of Appeal explained in Stivers v. Ford Motor Credit Company, 777 So.2d 1023 (Fla. 4th DCA 2000), rev. dismissed, 790 So.2d 1108 (Fla.2001), the term "public hazard" as defined in section 69.081(2), Florida Statutes (2001),[1] is limited to instances where health and safety issues are implicated, such as in products liability cases. The information that Sosnowski seeks to make public would be relevant only to her allegations of economic fraud, and does not relate to a public hazard. The original protective order was agreed to by the parties and fairly balanced the discovery and privacy interests involved in the underlying case. We therefore find that the trial court departed from the essential requirements of law in setting aside the protective order.[2] The petition for writ of certiorari is granted, and the order vacating the prior protective order is quashed.
PETITION GRANTED; ORDER QUASHED.
PLEUS and ORFINGER, R.B., JJ., concur.
NOTES
[1] Section 69.081(2) defines "public hazard" as "an instrumentality, including but not limited to any device, instrument, person, procedure, product, or a condition of a device, instrument, person, procedure or product, that has caused and is likely to cause injury."
[2] In Alterra Healthcare Corp. v. Estate of Shelley, 827 So.2d 936 (Fla.2002), the Supreme Court of Florida held that a private employer lacks standing to challenge court-ordered discovery by asserting the constitutional privacy rights of its employees. That opinion does not affect the outcome of this certiorari proceeding, though. The supreme court noted that the trial court in determining the relevancy of any discovery request pertaining to personnel files should take into account the privacy interests of the employees and carefully craft a discovery order when necessary to protect those interests. The protective order was carefully crafted in the instant case, and was agreed to by the parties. We quash the order which vacated the protective order, not because State Farm was asserting the privacy rights of its employees, but because the argument made in Sosnowski's motion to vacate the protective order was incorrect, and it was a departure from the essential requirements of law to set aside the agreed-upon protective order on that ground.